**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RALPH EDWARD MYERS,
Plaintiff-Appellee,

v.

No. 98-2047

LEADREW SWINDELL; GERALDINE
SWINDELL,
Defendants-Appellants.

Appeal from the United States District Court
for the Eastern District of North Carolina, at New Bern.
Malcolm J. Howard, District Judge.
(CA-97-111-4-H)

Submitted: April 20, 1999

Decided: August 17, 1999

Before ERVIN, NIEMEYER, and KING,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John E. Holloway, HUNTON & WILLIAMS, Norfolk, Virginia, for
Appellants. Stevenson L. Weeks, WHEATLY, WHEATLY,
NOBLES & WEEKS, P.A., Beaufort, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Leadrew and Geraldine Swindell appeal the district court's judgment finding them liable on a seaman's personal injury claim. Ralph Myers worked for the Swindells on their flounder fishing trawler. He was injured while emptying a catch onto the deck of the vessel when he slipped on fish and tore a tendon in his right shoulder. Myers brought suit under the Jones Act, 46 U.S.C. § 688 (1994) (Appendix), on a theory of negligence and included an unseaworthiness claim under the general maritime law. The district court held a bench trial and found that the captain of the vessel, and the Swindells, were negligent but that Myers was forty percent contributorily negligent. The district court did not find that the vessel was unseaworthy. We affirm.

The Swindells first contend that the district court's factual findings cannot support the legal conclusions derived from them. We disagree. The district court's conclusion that the captain acted negligently in bringing the full catch on board is amply supported by the findings that it was or should have been evident to the captain that the catch at issue consisted predominantly of an unwanted species of fish and that the catch was too large to be handled safely by the deck hands. The Swindells' arguments attempting to show discrepancies between the factual findings and the negligence conclusion are unconvincing.

The Swindells also contend that the district court's damages analysis is not sufficiently specific to comply with Fed. R. Civ. P. 52(a). Specifically, they argue that this court must remand the case to the district court for it to articulate the basis of its assessment of Myers' future lost earning capacity. Although it is not clear how the district court arrived at the specific $125 per week figure as Myers's lost earning capacity, the record as a whole is sufficient for this court to determine that the finding is not clearly erroneous. This is sufficient specificity to comply with Rule 52(a). See Martin v. Deiriggi, 985 F.2d 129, 132-33 (4th Cir. 1992).

2

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3